BARRE BOOT COMPANY *vs.* MILFORD MUTUAL FIRE INSURANCE COMPANY.

Under *St.* 1861, *c.* 152, which provides that "in all insurance against losses by fire the conditions of the insurance shall be stated in the body of the policy, and neither the application of the insured nor the by-laws of the company, as such, shall be considered as a warranty or part of the contract," an express condition in the body of a policy that the application contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property, so far as the same are known to the insured and material to the risk, will authorize the company to resist payment of a loss on the ground that the application contained material misrepresentations in those respects.

CONTRACT upon a policy of insurance for $2000, dated June 1, 1862, by which the defendants insured the plaintiffs' stock of boots manufactured and in process of manufacture in their shop in Barre. At the trial in this court, *Chapman,* J. ruled that, under *St.* 1861, *c.* 152, the evidence offered in defence of the action was incompetent; whereupon the case was taken from the jury and the question of the competency of the evidence reserved for the full court, with the agreement that if the evidence should have been admitted a new trial should be ordered, but otherwise judgment should be entered for the plaintiffs. The material facts are stated in the opinion.

*F. H. Dewey,* for the plaintiffs.

*H. B. Staples,* for the defendants.

HOAR, J. This case depends upon the construction of *St.* 1861, *c.* 152, which was in force when the policy was issued, and is as follows: "In all insurance against losses by fire hereafter made by companies chartered or doing business in this commonwealth, the conditions of the insurance shall be stated in the body of the policy, and neither the application of the insured nor the by-laws of the company, as such, shall be considered as a warranty or part of the contract."

The policy was issued June 1, 1862, in renewal of a policy which the defendants had previously issued upon the same property, and contained this clause: " This policy is made and accepted upon the following express conditions, viz : that the

application for this insurance contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property, so far as the same are known to the insured and material to the risk." The application for the renewal contained an agreement that the application and deposit note, upon which the policy was originally predicated, should continue valid and in force; and the farther engagement that the circumstances in regard to the condition, situation, value and hazard of the risk were not materially altered.

The defendants offered to prove that the condition of the property and hazard of the risk were materially altered by a change in the occupation of the building in which it was situated, known to the plaintiffs at the time when the application for insurance was made; but· the presiding judge ruled that this evidence· was incompetent under the statute above recited, and would constitute no defence to the action.

The defendants' answer alleged that this was a fraudulent misrepresentation ; which would have clearly avoided the policy under another clause of the conditions which it contained, and perhaps would have had the same effect without any express stipulation. But the answer does not aver, nor does the report show, that the plaintiffs knew or believed the alterations to be material when they made the application; and therefore the defence of fraud is not supported.

The only question for our decision is, therefore, whether the condition which refers to the application is inoperative, as coming within the statute prohibition.

And, in the first place, it is evident that the condition on which the defendants rely is stated in the body of the policy; and that it does not, in terms, make the application, " as such," a warranty or part of the contract. The condition is that the application " contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property, so far as the same are known to the insured and material to the risk." The application contains a statement that the circumstances attending the risk had not

been materially changed within a given period. The statements in the application are made a part of the contract, if at all, by a distinct reference to them in the body of the policy. Now the object of the legislature in passing the statute seems to have been to protect the insured from being misled or defrauded by a general incorporation into his contract of the application, containing, it may be, answers to a great variety of questions; and of by-laws, which are often numerous, and of doubtful interpretation. The use of the phrase " as such " in the statute leads to a strong implication that it was not intended to forbid the taking an application in writing, or to preclude all reference to its contents in the policy. On the contrary, we think if it is designed to make the truth of certain statements in the application essential to the validity of the policy, while it must be so distinctly declared in the policy itself, and the particular statements expressly pointed out, yet this may be done by explicit reference, without copying the application at length into the policy. If this were not so, it is difficult to see what value or use the application would have to the insurer.

But the practical difficulty remains of deciding how explicit the reference to the application must be, to avoid the mischief against which the statute is directed. If, for example, the policy were made on the condition that there was no building nearer the one insured than those mentioned in the application; or that the value of the property was not less than the value named in the application ; and these conditions were stated in the body of the policy, we could not doubt that the purpose of the statute would be answered, and the condition would be valid. But if the condition were that the application and by-laws, or either of them, should have been in all respects conformed to by the insured, this might be held such a vague and general reference as would be a mere evasion of the statute, and an attempt in substance and effect to make the application and by-laws, " as such," part of the contract. The case at bar comes very near the line, and is not wholly free from doubt. But as it is not within the letter of the statute, and as the condition in the policy gave the plaintiff distinct notice that the substantial correctness

Barre Boot Company *v.* Milford Mutual Fire Insurance Company.

of certain statements in his application were essential to the validity of the insurance, we are of opinion that the defence of a breach of the condition was competent, and that the evidence offered to support it, which was excluded at the trial, should have been admitted. *New trial granted.**

---

* A similar decision was made in the case of ROBERT S. CAMPBELL *v.* CHARTER OAK FIRE AND MARINE INSURANCE COMPANY, which was argued in Suffolk County in November 1863.

This was an action on a policy of insurance dated September 23, 1861, by which the defendants insured the plaintiff's hotel, known as the Neptune House, on Chelsea Beach. The following stipulation was contained in the body of the policy: "It is agreed and declared to be the true intent and meaning of the parties hereto, that in case the above mentioned premises shall, at any time after the making of, and during the time this policy would otherwise continue in force, be appropriated, applied or used to or for the purpose of carrying on or exercising therein any trade, business or vocation denominated hazardous or extra-hazardous, or specified in the memorandum of special hazards in the terms and conditions annexed to the policy, or for the purpose of depositing, keeping, using, vending or storing therein any of the articles, goods or merchandise, in the same terms and conditions denominated hazardous, extra-hazardous, or included in the memorandum of special hazards, except as herein specially provided for, or agreed to by this corporation in writing, to be added to or indorsed upon this policy, then and from thenceforth these presents shall cease, and be of no force or effect." The policy was signed at the foot of the first page. On the second page were printed certain classes of hazards, under which it was provided that "the following trades and occupations, goods, wares and merchandise, are deemed extra-hazardous;" one of which was "spirituous liquors." And under the "memorandum of special hazards" was this clause, "Camphene, spirit gas or burning fluid, when used or kept on the premises for any purpose, subjects the property insured to an additional charge; and permission for such use or keeping must be indorsed in writing on the policy; otherwise the same shall be void and of no effect."

At the trial in the superior court, before *Ames,* J., after proof of loss by the plaintiff, the defendants offered evidence tending to prove that during the term covered by the policy, and without their assent, burning fluid was used upon the premises, and that the premises were used for the purpose of carrying on and exercising therein the business of selling spirituous liquors; but the judge ruled that under *St.* 1861, *c.* 152, the evidence was incompetent. The defendants thereupon submitted to a verdict, and alleged exceptions, which were sustained.

*H. Gray, Jr.,* for the defendants.

*A. A. Ranney,* for the plaintiff.